655 N.W.2d 232 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Glenn GOLDSTON, Defendant-Appellee.
Docket No. 122364, COA No. 241605.
Supreme Court of Michigan.
January 15, 2003.
On order of the Court, the application for leave to appeal from the August 29, 2002, decision of the Court of Appeals is considered, and it is GRANTED, limited to the issue whether this Court should adopt and apply in this case a "good faith" exception to the exclusionary rule.
The defendant is directed to file with the Wayne Circuit Court an affidavit concerning his present financial status (see guidelines at 387 Mich. xxxi). The Wayne Circuit Court must provide the prosecutor with a copy of the defendant's affidavit. The prosecutor may challenge the defendant's assertion of indigency by filing an appropriate motion with the Wayne Circuit Court within 14 days after the prosecutor receives the copy of the affidavit. If such challenge is brought, the Wayne Circuit Court must conduct a hearing on the matter within 21 days after the prosecutor's motion is filed. The prosecutor, the defendant, and an attorney appointed by the Wayne Circuit Court to represent the defendant must appear at the hearing.
If the Wayne Circuit Court determines that the defendant is indigent, the Court must appoint counsel within 14 days after the hearing or, if the prosecutor has not challenged the defendant's assertion of indigency, within 28 days after the defendant files his affidavit. The Wayne Circuit Court remains free to consider appointing former counsel who represented defendant. The Wayne Circuit Court must promptly forward to the Clerk of this Court a copy of the appointment order and must promptly provide counsel with any portion of the record that counsel requires.
If the Wayne Circuit Court determines that the defendant is not indigent, the Wayne Circuit Court must promptly notify the Clerk of this Court.
The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file a brief amicus curiae. Other persons or groups interested in the determination of the question presented in this case may move the Court for permission to file briefs amicus curiae.
MICHAEL F. CAVANAGH, J., would deny leave to appeal.